# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT LOUISVILLE

KELLY RUSHING, JR.                                                                      PLAINTIFF

V.                                                                          NO. 3:08CV-531-JDM

FLERLAGE MARINE CO.,
d/b/a SEA RAY OF LOUISVILLE, et al.                                      DEFENDANTS

## MEMORANDUM OPINION

One of the defendants, O'Neill Manufacturing, Inc., has moved this court for summary judgment plaintiff's claims against it. The court, having considered the motion and all responses thereto, and being otherwise sufficiently advised, the court will grant the motion by separate order.

## I.

Mr. Rushing was injured, and blinded in his left eye, when a boat tie-down strap allegedly snapped as he was strapping down his boat. The strap was part of a boat and trailer equipment package that Mr. Rushing purchased with a friend from Flerlage Marine, Inc., d/b/a Sea Ray of Louisville ("Flerlage Marine"). The boat and trailer were manufactured by a company named Brunswick Corporation. Flerlage Marine removed the tie-down straps Brunswick originally included with the boat, however, and replaced them with straps that were sold by Donovan Marine, Inc., and marketed under the Donovan Marine's private label brand name "Marpac."

Donovan Marine did not manufacture the Marpac tie-down straps ultimately included with the boat, however. Donovan purchases tie-down straps from their actual manufacturers, brands them with the Marpac label and packaging, and then distributes the straps to retailers.

The documents from the sale indicate that Donovan assigned the strap sold to Mr.

Rushing a part number indicating it was purchased from O'Neill Manufacturing. This does not conclusively establish that the strap at issue was, in fact, manufactured by O'Neill Manufacturing, though. Prior to Mr. Rushing's accident Donovan Marine purchased tie-down straps from two companies: O'Neill Manufacturing and Ocean Bio-Chem, Inc. d/b/a Star brite ("Star brite"). Donovan Marine originally purchased all of its tie-down straps from Star brite, and created an internal part number for those straps, but later decided to purchase tie-down straps from O'Neill Manufacturing instead. When Donovan Marine made the supplier switch, it did not assign a new part number to O'Neill Manufacturing's straps, but continued to distribute its remaining Star brite inventory and O'Neill Manufacturing inventory under the same part number. Consequently, there initially existed a question as to which company's strap allegedly caused Mr. Rushing's injuries.

Because they were going to be labeled with Donovan Marine's brand Marpac, the straps distributed by Donovan Marine do not bear obvious markings identifying them as O'Neill straps or Star brite straps. This is not to say, however, that the two companies' straps are indistinguishable.

O'Neill straps have a label identifying O'Neill as the manufacturer and, equally importantly, have one coated black hook and one brass hook on them. The strap that allegedly injured Mr. Rushing has no label and has two black hooks. Labels can (in theory) easily be removed, but the difference in the hooks is significant.

The president and owner of O'Neill Manufacturing has examined photographs of the strap at issue and confirmed that it is not an O'Neill product. And, at the conclusion of discovery in this matter, Donovan Marine (the middleman purchaser and distributor of the hooks) filed a third-party complaint identifying Star brite as the manufacturer of the strap that

allegedly injured plaintiff.

Mr. Rushing nevertheless states that a genuine issue of material fact exists. He concedes that all the O'Neill straps identified and examined thus far bear an O'Neill label and only one coated black hook, but, citing incomplete and out-of-context sections of deposition testimony from Donovan Marine's president, vice-president, and controller, he asserts that there exists confusion about whether the strap at issue is consistent with an O'Neill product. He does not cite any affirmative evidence supporting the theory that O'Neill may have manufactured the strap, or that the strap is physically distinguishable from a Star brite strap.

As plaintiff was right to note, discovery had not concluded by the time plaintiff filed his response to O'Neill's motion for summary judgment, and evidence creating a genuine issue of material fact could have been produced. The discovery deadline in this matter has now come and gone and, between the date of the discovery deadline and this court's current opinion, plaintiff has never requested permission to supplement his response with newly discovered evidence regarding O'Neill's potential liability. The court can (and will) therefore fairly assume that there is none.

## II.

It should be well known to all in the legal community by now, but it bears repeating that summary judgment as a matter of law is proper only where there exists no genuine issue of *material* fact. FED. R. CIV. P. 56(c)(emphasis added). In considering a motion for summary judgment, this court must construe the evidence and draw all reasonable inferences in favor of the non-moving party, *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986), and then determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law."

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986).

The party bearing the burden of proof on a particular issue – regardless of whether he is the movant or non-movant – cannot rely on mere allegations or conclusory statements in support of his position, however. *See Maki v. Laako*, 88 F.3d 361, 364 (1996). Accordingly, to defeat O'Neill Manufacturing's motion for summary judgment, Mr. Rushing must point to in the record, or proffer, actual evidence in support of his theory that O'Neill Manufacturing made the strap that injured him. *Id.* As discussed in the section above, this he cannot do.

## III.

The court concludes that there exists no genuine issue of material fact with respect to plaintiff's claim that a strap manufactured by O'Neill caused his injuries. This court will therefore grant O'Neill's motion for summary judgment by separate order to be entered concurrently with this memorandum opinion.

**DATE:**


cc: counsel of record